Case 4:17-cr-06014-WFN    ECF No. 575    filed 01/13/23    PageID.6070    Page 1 of 6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALIO EMMANUEL SANCHEZ,<br><br>Movant,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No.   4:17-CR-6014-WFN-6<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Mr. Sanchez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. ECF No. 570.

## BACKGROUND

Mr. Sanchez was charged with distributing at least 50 grams of methamphetamine and conspiring to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. ECF No. 244. A jury found him guilty on both counts. ECF No. 436. The Court imposed concurrent 270-month sentences, which was below the guideline range of 324–405 months. ECF No. 497. Mr. Sanchez then appealed his conviction to the Ninth Circuit, ECF No. 501, and the Ninth Circuit affirmed, ECF No. 538.

## DISCUSSION

To gain relief, Mr. Sanchez must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.  Mr. Sanchez established the first two prongs. To satisfy the third prong, Mr. Sanchez offers several arguments, none of which have merit. *See* ECF No. 570. This Order will now address each of those arguments in turn.

ORDER DENYING § 2255 MOTION - 1

**1. The Court had subject matter jurisdiction over Mr. Sanchez's offenses.**

Mr. Sanchez argues the Court did not have subject matter jurisdiction over his offense because 21 U.S.C. § 841(a) does not confer jurisdiction. ECF No. 570 at 4, 14–26. His argument fails because the district courts have original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Mr. Sanchez also argues the Court did not have jurisdiction because the jury did not find an interstate nexus, and because the Commerce Clause does not empower Congress to criminalize intrastate drug trafficking. ECF No. 570 at 4, 14–16. But the Ninth Circuit has already decided that the statute is within the commerce power "and that no proof of interstate nexus is required . . . to establish jurisdiction." *United States v. Montes-Zarate*, 552 F.2d 1330, 1331 (9th Cir. 1977); *see also United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir. 1990) (holding Congress may regulate intrastate drug activity).

**2. Mr. Sanchez has not shown that § 841(a) is an unconstitutional prior restraint.**

Next, Mr. Sanchez argues that § 841(a) is "an unconstitutional prior restraint of First Amendment Rights, the Due Process Clause and the Liberty Clause of the 5th Amendment and the Statutory Rights of the Religious Freedom Restoration Act." ECF No. 570 at 5; *see also* ECF No. 570 at 27–29. "Prior restraint" refers to government action that forbids certain speech *ex ante*, *see Alexander v. United States*, 509 U.S. 544, 549 (1993), or conditions the exercise of speech rights "on the unbridled discretion of government officials," *Desert Outdoor Adver. v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996). Because § 841(a) is not a prior restraint on expressive conduct, the doctrine is inapplicable. *See Alexander*, 509 U.S. at 549–50 ("[P]etitioner stretches the term prior restraint . . . ."). Mr. Sanchez's "cursory and vague claim cannot support habeas relief." *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011).

**3. Mr. Sanchez's conviction does not violate the *Ex Post Facto* Clause.**

Mr. Sanchez argues his conviction violates the *Ex Post Facto* Clause because the Court "unexpected[ly] expanded [§ 841(a)] to include a jurisdictional hook/jurisdictional element conferring federal jurisdiction," ECF No. 570 at 31.

ORDER DENYING § 2255 MOTION - 2

1    "The *ex post facto* prohibition forbids the Congress and the states from enacting any
2    law which imposes a punishment for an act which was not punishable at the time the act was
3    committed, or which imposes punishment greater than the punishment prescribed when the
4    act was committed." *United States v. Patterson*, 820 F.2d 1524, 1527 (9th Cir. 1987). And
5    although the *Ex Post Facto* Clause "does not of its own force apply to the Judicial Branch
6    of government," "limitations on *ex post facto* judicial decisionmaking are inherent in the
7    notion of due process." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001).

    Mr. Sanchez's argument is clearly incorrect for at least three reasons. First, the Court
did not expand § 841(a) by taking jurisdiction. Congress gave district courts subject matter
jurisdiction over violations of § 841(a) from the outset. *See* 18 U.S.C. § 3231; *Ratigan*, 351
F.3d at 962. Second, Defendant committed his crimes from 2014 to 2017, ECF No. 244,
436, and by that time it had been clearly established for decades that courts have jurisdiction
over violations of § 841(a). Congress found in 1971 that intrastate drug distribution
injuriously affects interstate commerce. *See* 21 U.S.C. § 801. And the Ninth Circuit held in
1977 that § 841(a) "is constitutional and that no proof of an interstate nexus is required . . .
to establish jurisdiction of the subject matter." *Montes-Zarate*, 552 F.2d at 1331. Third, the
Ninth Circuit did not expand the scope of conduct prohibited by § 841(a), increase the
punishment for its violation, or lower the quantum of proof necessary for conviction. It
merely held the law was a constitutional exercise of the commerce power. Because Mr.
Sanchez had fair warning his conduct was illegal, his conviction does not present any *ex post facto* issues. *See Rogers*, 532 U.S. at 457.

**4. Mr. Sanchez's conviction does not violate the principles of federalism or separation of powers.**

    Mr. Sanchez also argues his conviction violates principles of federalism and
separation of powers because the Court took jurisdiction of his offense by wrongly
interpreting § 841(a) as requiring proof of an interstate nexus. ECF No. 570 at 30–32.
According to Mr. Sanchez, § 841(a) "was not passed by Congress with the 'statutory
interpretation' of the district court to include a jurisdictional hook or jurisdictional element."

ORDER DENYING § 2255 MOTION - 3

*Id.* at 32. Mr. Sanchez's argument is incorrect because, as explained above, the Court did not assign itself jurisdiction over Mr. Sanchez's crimes. Congress did. *See* 18 U.S.C. § 3231; *Ratigan*, 351 F.3d at 962. Nor did the Court alter the elements of conviction. The Court instructed the jury on the elements, which did not include an interstate nexus, ECF No. 429 at 9–10, 16, because no interstate nexus is required, *see Montes-Zarate*, 552 F.2d at 1331.[1]

**5. The penalties for violating § 841(a) are not unconstitutionally severe.**

Mr. Sanchez also argues the penalties for violating § 841(a) are unconstitutionally severe for a public welfare offense without a *mens rea* requirement. ECF No. 570 at 8, 35-41. This argument fails because § 841(a) has a *mens rea* requirement. *See* § 841(a) (making it "unlawful for any person [to] *knowingly or intentionally*" distribute a controlled substance (emphasis added)); *United States v. Cain*, 130 F.3d 381, 382 (9th Cir. 1997) (stating the elements of the offense). Mr. Sanchez was charged with "knowingly and intentionally" distributing methamphetamine, ECF No. 244, and the jury found him guilty as charged, ECF No. 436.

**6. Mr. Sanchez has not shown that § 841(a) violates the Tenth Amendment.**

Mr. Sanchez argues § 841(a) violates the Tenth Amendment because it exceeds Congress's commerce power. However, the Ninth Circuit has already rejected this argument, determining that § 841(a) does not violate the Tenth Amendment because it is a proper exercise of the commerce power. *See Raich v. Gonzales*, 500 F.3d 850, 866–67 (9th Cir. 2007).

---

[1] Mr. Sanchez also argues under a separate heading, as his seventh claim for relief, that his "conviction was obtained in violation of the structure of Federalism, separation of powers and Liberty as established with the National Government," ECF No. 570 at 28, without explaining *how* his conviction violated those principles, *id.* at 28–30. Because a "cursory and vague claim cannot support habeas relief," *Greenway*, 653 F.3d at 804, the Court rejects Mr. Sanchez's seventh claim for relief.

ORDER DENYING § 2255 MOTION - 4

**7. Mr. Sanchez did not receive ineffective assistance of counsel.**

Finally, Mr. Sanchez asserts he "did not have effective assistance of counsel during plea negotiation or trial which petitioner proceeded to trial at the direction of counsel," but does not offer any facts or explanation to support this assertion. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 23, 26 (9th Cir. 1994). Because Mr. Sanchez offers nothing more than a conclusory assertion in support of his ineffective assistance of counsel claim, the claim fails. *See id.*[2]

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that reasonable jurists could not differ with the Court's conclusion. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Sanchez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed May 3, 2022, **ECF No. 570**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,
- Provide copies to counsel and *pro se* Movant,

---

[2] Mr. Sanchez does allege specifically that his counsel failed to raise the constitutional issues presented in the instant Motion, ECF No. 570 at 4, 7–8, 10, but "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

ORDER DENYING § 2255 MOTION - 5

- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 4:22-CV-5057-WFN.

**DATED** this 13th day of January, 2023.

01-11-23

                         WM. FREMMING NIELSEN
                         SENIOR UNITED STATES DISTRICT JUDGE